IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TSIGEREDA GIRMA SAHILE,**

        **Plaintiff,**

        v.

**TIMOTHY J. MISLANSKY, et al.,**

        **Defendants.**

Civil Action 2:23-cv-2488
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Tsigereda Girma Sahile, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Timothy J. Mislansky and Jennifer Ogden. This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Amended Complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that the Plaintiff's Amended Complaint (Doc. 6) be **DISMISSED**.

**I.  STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action. . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted)."'In sum, although pro se complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

II. **DISCUSSION**

In her complaint, Plaintiff names two individuals at Wright-Patt Credit Union as defendants: Timothy J. Mislansky, Director of Wright-Patt Credit Union and Jennifer Ogden, Vice President and Chief Internal Audit Executive at Wright-Patt Credit Union. (Doc. 6 at 4–5).

Plaintiff's Complaint contains a wide range of unintelligible accusations and requests for

relief, as well as many misstatements of law that do not allow the court to draw a reasonable inference that the Defendants are liable for any misconduct. *Iqbal*, 556 U.S. at 678.

Generously, Plaintiff appears to be alleging various breaches of fiduciary duties, constitutional violations, and negligence, though the specific claims remain largely unclear. One form of requested relief is for the Defendants to "credit the account for the sum said in full for settlement and closure." (Doc. 6 at 7). The only sum mentioned in the complaint is $29,676, which is described as a "Registered security - negotiable instrument." (*Id.* at 4). This sum most closely resembles an amount found in Plaintiff's exhibits, specifically from an IRS form 1099-C "Cancellation of Debt," in which Plaintiff attempts to forgive Wright-Patt Credit Union's alleged debt of $27,989.37. (Doc. 1–2 at 20). It is unclear why Wright-Patt Credit Union would allegedly owe Plaintiff this money. Plaintiff says that when she sent the 1099-C to Wright-Patt Credit Union, this letter constituted an "acceptance" of the debt, and the credit union's lack of response discharged other debts she owed to the credit union. (*Id.* at 20, 30). Plaintiff does not cite, nor is the Court aware of, any federal law that allows for this kind of use of a 1099-C form. Plaintiff has therefore not successfully alleged that the Defendants owe her any sum of money.

Similarly, Plaintiff alleges that both Defendants "have failed to fulfill their fiduciary obligations, engaged in willful violations, unfair and deceptive practices, and neglected to provide proper disclosure and response to the consumers' household concerns and other commercial affairs." (Doc. 6 at 6). But none of Plaintiff's allegations clarify why Defendants owe a fiduciary duty to Plaintiff, let alone failed to fulfill the duty. Plaintiff does not even allege that Defendants have communicated with her, let alone engaged in unfair and deceptive practices. Finally, Defendants' failure to respond to the Plaintiff's "household concerns" (*id.*) is not a cognizable claim.

Turning to the purported constitutional claims, Plaintiff nominally recites portions of the Fourth and Fifth Amendment to the Constitution. (*Id.*). But, she does not specify any claim regarding these Amendments, nor does this Court find any cognizable claims for constitutional violations.

Nor has Plaintiff alleged any plausible basis for federal jurisdiction. When directed to describe how this Court had subject-matter jurisdiction over the lawsuit, Plaintiff alleged that 18 U.S.C. § 1348 gave the Court subject-matter jurisdiction. (Doc. 6 at 2). 18 U.S.C. § 1348 is a criminal statute; Plaintiff, as a private citizen, is not permitted to sue under a criminal statute. *See Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [plaintiff's] claim pursuant to [two criminal statutes] because [he] has no private right of action under either of these criminal statutes."). Further, "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)).

Plaintiff has therefore alleged no plausible basis for federal question jurisdiction. Further, because all parties appear to be residents of Ohio, the Court does not have diversity jurisdiction. The court thus does not have subject-matter jurisdiction over this matter. So, for any of Plaintiff's claims that sound in state law—like negligence or breach of fiduciary duty—the Court also lacks pendant jurisdiction. Still more, even were the Court to consider those claims directly, Plaintiff has not plausibly alleged the claims.

At base, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated her rights. To allow any of Plaintiff's

claims to proceed would be to "conjure allegations" on her behalf.  *Martin v. Overton*, 391 F.3d at 714.  In sum, she has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555, and dismissal is warranted.

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Plaintiff's Amended Complaint (Doc. 6) be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 10, 2023	/s/Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE